# Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NAVIGATORS INSURANCE COMPANY | : | NO. 2:11-cv-07074-CDJ |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| OASIS ON ESSINGTON, LTD. d/b/a OASIS | : | |
| GENTLEMAN'S CLUB; THE ESTATE OF | : | |
| ROBERT S. LEFLAR : THE ESTATE OF | : | |
| JACQUELINE LEFLAR; ANTHONY R. | : | |
| ALBERTO; JOHN PETTIT; BRENDAN DAVIS; | : | |
| CAESAR A. GRAMENZI; EDWIN PADUA; | : | |
| TIMOTHY CARPENTER; and ROBERT LEFLAR | : | |
| INVESTMENTS, LLC | : | |
| | : | |
| Defendants. | : | |
| | : | |

## AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Navigators Insurance Company, by and through its attorneys, Cozen O'Connor,

brings this action for a declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202 and, in support

thereof, states as follows:

## NATURE OF ACTION

1.     This is an action for declaratory judgment in which Navigators Insurance

Company ("Navigators") seeks a declaration of its rights, duties, and liability under Policy No.

CH08PKG011820-01 (the "Policy") issued to Oasis on Essington Ltd. t/a Oasis Gentleman's

Club ("Oasis") for the policy period June 10, 2009 to June 10, 2010.

2.     Navigators seeks a declaration that neither defense nor indemnity is owed to Oasis

and/or several of its alleged owners, operators, and employees ("Oasis/Employees") under the

Policy because the claims asserted against Oasis/Employees in the underlying lawsuits styled Alexander A. DiSanti, Esquire, Administrator of the Estate of James Michael Koons, Jr. v. Robert S. Leflar, et al. and George Foreacre and Angela Foreacre v. Oasis on Essington, Ltd, et al., both pending in the Philadelphia County Court of Common Pleas, fall outside the scope of the Policy's coverage or, alternatively, solely within the scope of the limited assault and battery coverage added to the Policy by endorsement.

## THE PARTIES

3.      Navigators is a corporation duly organized and existing under the laws of the State of New York with its principal place of business in New York.

4.      Oasis is a limited liability company duly organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business in Philadelphia, Pennsylvania.

5.      Upon information and belief, Robert S. Leflar ("Leflar") was an adult individual who resided at 1907 Skippack Pike, Blue Bell, Pennsylvania 19422, but, subsequent to the commencement of this action, has passed away.     The Estate of Robert S. Leflar, for which Robert Leflar has been appointed Executor, is substituted in Robert S. Leflar's stead.

6.      Upon information and belief, Jacqueline Leflar ("Jacqueline") was an adult individual who resided at 100 West Wissahickon Avenue, Apartment 318, Flourtown, Pennsylvania 19031, but has passed away.  The Estate of Jacqueline Leflar, for which Robert Leflar has been appointed Executor, is substituted in Jacqueline Leflar's stead.

7.      Upon information and belief, Anthony R. Alberto ("Alberto") is an adult individual who resides at 189 Pitman Downer Road, Sewell, New Jersey  08080.

8.      Upon information and belief, John Pettit ("Pettit") is an adult individual who

resides at 2908 Powell Avenue, Pennsauken, New Jersey 08110.

     9.    Upon information and belief, Brendan Davis ("Davis") is an adult individual who resides at 1504 Church Road, Oreland, Pennsylvania 19075.

     10.    Upon information and belief, Caesar A. Gramenzi ("Gramenzi") is an adult individual who resides at 258 Revere Road, Clifton Heights, Pennsylvania 19018.

     11.    Upon information and belief, Edwin Padua ("Padua") is an adult individual who resides at 4155 North 6th Street, Philadelphia, Pennsylvania 19140.

     12.    Upon information and belief, Timothy Carpenter ("Carpenter") is an adult individual who resides at 218 Richmond Street, Philadelphia, Pennsylvania 19125.

     13.    Upon information and belief, Robert Leflar Investments, LLC ("RLI") is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business located in Philadelphia, Pennsylvania.

## JURISDICTION AND VENUE

     14.    This Court has jurisdiction pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between Navigators and all defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

     15.    Venue lies in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391.

     16.    This Court has jurisdiction over this declaratory judgment action pursuant to 28 U.S.C. §§ 2201 and 2202.

     17.    An actual case and controversy of a justiciable nature exists between Navigators and all defendants involving the parties' rights and liabilities under an insurance policy, and such controversy may be resolved by a judgment of this Court.

     18.    All persons have been made parties to this action who have or claim to have any

interest in the matter in controversy.

## THE UNDERLYING KOONS COMPLAINT

19.     On April 21, 2011, Alexander A. DiSanti, Esquire, Administrator of the Estate of James Michael Koons, Jr. ("Koons"), filed a complaint in the Philadelphia County Court of Common Pleas against all defendants (the "Koons Complaint").  A true and correct copy of the Koons Complaint is attached hereto as Exhibit "A."

20.     The Koons Complaint asserts seven causes of action, including (I) assault against all defendants; (II) battery against all defendants; (III) negligence against Leflar, Davis, Gramenzi, Carpenter, and Padua; (IV) negligence against Jacqueline, Alberto, and RLI; (V) violation of Pennsylvania's Dram Shop Act; (VI) wrongful death against all defendants; and (VII) survival action against all defendants. See Exhibit A.

21.     According to the Koons Complaint, on October 16, 2009, Koons and George Foreacre ("Foreacre") were business invitees of Oasis, consuming numerous alcoholic beverages while there. See Exhibit A, ¶¶24, 25, 27.

22.     The Koons Complaint alleges that, at some point after consuming alcoholic beverages, Koons and Foreacre were forcibly ejected by Oasis' bouncers from the premises and into the parking lot. See Exhibit A, ¶28.

23.     According to the Koons Complaint, once outside, Koons realized that he had left his credit card on the bar, but Pettit, Davis, Gramenzi, Padua and Carpenter were standing in the doorway entrance to the Oasis in an intimidating fashion, preventing Koons from retrieving his card.  See Exhibit A, ¶¶29, 30.

24.     It is alleged that, while Koons was in the Oasis parking lot calling 911 to report the bouncers' assault on  him during the ejection, Leflar drove into the parking lot, stopping in

4

close proximity to Koons and Foreacre. See Exhibit A, ¶¶31, 32.

25.     According to the Koons Complaint, Leflar exited his vehicle and, without provocation, punched Foreacre in the face causing him to fall to the ground.  Once on the ground, Pettit, Davis, Gramenzi, Padua and Carpenter continued the assault on Foreacre. See Exhibit A, ¶¶33, 34.

26.     The Koons Complaint asserts that Leflar, Pettit, Davis, Gramenzi, Padua and Carpenter then turned their attention to Koons, physically assaulting him, causing him to fall to the ground and rendering him unconscious. See Exhibit A, ¶35.

27.     According to the Complaint, Koons never struck, pushed, or threatened Leflar, Pettit, Davis, Gramenzi, Padua or Carpenter. See Exhibit A, ¶36.

28.     The Koons Complaint alleges that, due to the defendants' carelessness, negligence, and other liability-producing conduct, Koons died from his injuries on November 2, 2009. See Exhibit A, ¶38.

29.     According to the Koons Complaint, Leflar, Pettit, Davis, Gramenzi, Padua and Carpenter were arrested and charged with aggravated assault, murder and conspiracy, among other charges. See Exhibit A, ¶39.

30.     The Koons Complaint asserts that Leflar, Pettit, Davis, Gramenzi, Carpenter and Padua were employees of Oasis, Jacqueline, Alberto and RLI, and were acting within the course and scope of their employment such that Oasis, Jacqueline, Alberto and RLI are vicariously liable for the actions of Leflar, Pettit, Davis, Gramenzi, Carpenter and Padua. See Exhibit A, ¶¶22, 45, 49, 50, 54, 57.

31.     Count I of the Koons Complaint asserts that all defendants are liable, either directly or vicariously, for assaulting Koons in a malicious, wanton, intentional and/or reckless

5

manner, warranting punitive damages. See Exhibit A, ¶¶41-45.

32.     Count II of the Koons Complaint alleges that all defendants are liable, either directly or vicariously, for committing a battery upon Koons in a malicious, wanton, intentional and/or reckless manner, warranting punitive damages. See Exhibit A, ¶¶47-50.

33.     Count III of the Koons Complaint asserts that Leflar, Davis, Gramenzi, Carpenter and Padua are liable for negligence, and Leflar, Oasis, Alberto, Jacqueline and/or RLI are vicariously liable for the acts of Oasis' agents and employees, which include (a) failure to restrain Koons without injuring him; (b) using excessive and unwarranted force against Koons; (c) failing to adequately supervise agents and employees to provide a safe environment for patrons and invitees; (d) failure to train and/or instruct agents and employees to provide a safe environment for patrons and business invitees; (e) failing to perform proper background searches and establish continuing performance standards for the bouncers and security personnel; (f) continuing Pettit's employment despite having knowledge about his known violent propensities which would have led any reasonable employer to conclude that Pettit was not suitable nor qualified for the position; and (g) failure to exercise reasonable care. See Exhibit A, ¶¶52-57.

34.     Count IV of the Koons Complaint asserts that Oasis, Jacqueline, Alberto and RLI are negligent for: (a) failing to adequately investigate the background of their employees; (b) failing to properly supervise and train their employees; (c) failing to instruct their employees in the use of force; (d) failing to adequately instruct their employees on the dangers in the use of force; (e) failing to instruct their employees on the rights and safety of Koons; (f) failing to have proper policies, procedures, and customs in place; (g) failing to perform proper background searches and establish continuing performance standards for bouncers and security personnel; (h) permitting Pettit to remain an employee despite having knowledge and information about his

known violent propensities which would have led any reasonable employer to conclude that Pettit was not suitable nor qualified for the position; (i) failing to train the staff utilize proper policies and protocols to ensure the safety of patrons utilizing the establishment; (j) failure to exercise reasonable care. See Exhibit A, ¶¶59-61.

35.     Count V of the Koons Complaint asserts that the defendants violated Pennsylvania's Dram Shop Act by furnishing alcoholic beverages to Koons while he was visibly intoxicated and, as a result, Koons suffered physical pain and emotional trauma and ultimately died. See Exhibit A, ¶¶63-67.

36.     Count VI of the Koons Complaint asserts a wrongful death cause of action against all defendants, alleging that, by reason of Koons' death, Koons' beneficiaries have and will continue to suffer great pecuniary loss. See Exhibit A, ¶¶69-73.

37.     Count VII of the Koons Complaint asserts a Survival Act count against all defendants. See Exhibit A, ¶¶75-76.

38.     Navigators has been defending all defendants in the Koons litigation under a full and complete reservation of its right to later withdraw its defense and deny indemnity.

## THE UNDERLYING FOREACRE COMPLAINT

39.     On May 26, 2011, George Foreacre and Angela Foreacre, husband and wife, filed a complaint in the Philadelphia County Court of Common Pleas against all defendants (the "Foreacre Complaint"). A true and correct copy of the Foreacre Complaint is attached hereto as Exhibit "B."

40.     The Foreacre Complaint asserts five causes of action, including (I) assault against Leflar, Davis, Gramenzi, Carpenter and Padua; (II) battery against Leflar, Davis, Gramenzi, Carpenter and Padua; (III) negligence against Leflar, Davis, Gramenzi, Carpenter, and Padua;

(IV) negligence against Jacqueline, Alberto, Leflar, and RLI; (V) loss of consortium against all defendants. See Exhibit B.

41.     According to the Foreacre Complaint, on October 16, 2009, a short time after arriving at Oasis, Foreacre was maliciously, recklessly and wantonly struck on the head by Oasis security personnel, and was thrown to the ground without warning or provocation. See Exhibit B, ¶¶23, 26.

42.     The Foreacre Complaint asserts that Foreacre was then choked, lost consciousness, and was carried away by his assailants and thrown outside the club. See Exhibit B, ¶¶27-28.

43.     The Foreacre Complaint alleges that, while Koons and Foreacre were in the Oasis parking lot calling 911 to report the assault, Leflar drove into the parking lot, stopping in close proximity to them. See Exhibit B, ¶¶29-31.

44.     According to the Foreacre Complaint, Leflar approached Foreacre and Koons and suddenly, without provocation, Leflar punched Foreacre in the face causing him to fall to the ground. See Exhibit B, ¶¶32-34.

45.     The Foreacre Complaint asserts that, while on the ground, Foreacre was assaulted by Leflar and Oasis employees Carpenter, Davis, Padua, Pettit and Gramenzi, causing Foreacre to fear for his life and sustain serious personal injuries. See Exhibit B, ¶¶35-36.

46.     The Foreacre Complaint alleges that due to the defendants' willful, reckless, and wanton conduct and inaction, Foreacre sustained four transverse fractures of the lumbar spine; a fractured sternum; traumatic injury to the jaw, head, and cervical spine; and other head, neck, and back injuries. See Exhibit B, ¶38.

47.     According to the Foreacre Complaint, Leflar, Davis, Gramenzi, Carpenter and

Padua were employees of Oasis, Jacqueline, Alberto and RLI, and were acting within the course and scope of their employment such that Oasis, Jacqueline, Alberto and RLI are vicariously liable for the actions of Leflar, Pettit, Gramenzi, Carpenter and Padua. See Exhibit B, ¶¶45, 46, 52, 57, 59, 63.

48.    Count I of the Foreacre Complaint asserts that all defendants are liable, either directly or vicariously, for assaulting Foreacre in a malicious, wanton, intentional and/or reckless manner, warranting punitive damages. See Exhibit B, ¶¶42-47.

49.    Count II of the Foreacre Complaint asserts that all defendants are liable, either directly or vicariously, for committing a battery upon Foreacre in a malicious, wanton, intentional and/or reckless manner, warranting punitive damages. See Exhibit B, ¶¶49-53.

50.    Count III of the Foreacre Complaint asserts that Leflar, Davis, Gramenzi, Carpenter and Padua are liable for negligence, and Leflar, Oasis, Alberto, Jacqueline and/or RLI are vicariously liable for the acts of Leflar, Pettit, Davis, Gramenzi, Carpenter and Padua, which include: (a) using excessive and unwarranted force against Foreacre; (b) failing to consider alternative means and methods to accomplish their goals; (c) failing to follow existing policies, procedures, protocols and guidelines; (d) failing to adequately supervise their agents, servants, work persons, and employees; (e) failure to properly train and/or instruct agents and employees; (f) failing to provide a safe environment for patrons; (g)  failing to perform proper background searches; (g) failing to establish continuing performance standards; (i) permitting individuals with known violent propensities to serve as security personnel; (j) failing to adopt appropriate procedures and protocols for use of force; (k) filing to employ appropriate procedures and protocols for use of force; and (l) failing to exercise reasonable care. See Exhibit B, ¶¶55-60.

51.    Count IV of the Foreacre Complaint asserts that Oasis, Jacqueline, Leflar, Alberto

and RLI are directly and vicariously liable for the conduct of their agents and employees, including: (a) using excessive and unwarranted force against Foreacre; (b) failing to consider alternative means and methods to accomplish their goals; (c) failing to follow existing policies, procedures, protocols and guidelines; (d) failing to adequately supervise their agents, servants, work persons, and employees; (e) failure to properly train and/or instruct agents and employees; (f) failing to provide a safe environment for patrons; (g)  failing to perform proper background searches; (g) failing to establish continuing performance standards; (i) permitting individuals with known violent propensities to serve as security personnel; (j) failing to adopt appropriate procedures and protocols for use of force; (k) filing to employ appropriate procedures and protocols for use of force; and (l) failing to exercise reasonable care. See Exhibit B, ¶¶62-65.

52.    Count V of the Foreacre Complaint asserts a loss of consortium count on behalf of Angela Foreacre against all defendants in that, as the wife of Foreacre, she has been deprived of society, companionship, and consortium of Foreacre. See Exhibit B, ¶67.

53.    Navigators has been defending all defendants in the Foreacre litigation under a full and complete reservation of its right to withdraw its defense and deny indemnity.

**THE NAVIGATORS INSURANCE POLICY**

54.    Navigators issued named insured "Oasis on Essington Ltd t/a Oasis Gentleman's Club" a commercial general liability policy, bearing policy number CH08PKG011820-01, for the policy period June 10, 2009 to June 10, 2010 (the "Policy").   A true and correct copy of the Policy is attached hereto as Exhibit "C."

55.    The Policy's commercial general liability coverage is subject to a $1 million per occurrence, general aggregate, and products/completed operations aggregate limit. See Exhibit C, at p. 10.

56.     As Oasis is a limited liability company, Section II(1)(c) of the Policy, Who Is An Insured, provides that Oasis' members are insureds, but only with respect to the conduct of Oasis' business.  Oasis' managers are also insureds, but only with respect to their duties as Oasis' managers.  Oasis' employees are insureds, but only for acts within the scope of their employment by Oasis or while performing duties related to the conduct of Oasis' business.  See Exhibit C, at p. 21.

57.     The Policy's bodily injury liability coverage insuring agreement, as modified by the Amendment of Coverage Compensatory Damages endorsement, provides coverage for those sums the insured becomes legally obligated to pay as compensatory damages because of bodily harm that occurs during the designated policy period and is caused by an "occurrence."  See Exhibit C, at p. 13.

58.     An "occurrence" is defined to mean an "accident, including continuous or repeated exposure to substantially the same general harmful conditions"  See Exhibit C, at p. 26.

59.     The Policy's Liquor Liability Coverage Form, also modified by the Amendment of Coverage Compensatory Damages endorsement, provides that Navigators will pay those sums that the insured becomes legally obligated to pay as compensatory damages because of injury if such injury is imposed on the insured by reason of the selling, serving or furnishing of any alcoholic beverage.  See Exhibit C, at p. 29.

60.     Endorsement NCL 202 10 08, which limits the coverage available under the commercial general liability coverage and the liquor liability coverage forms, is entitled "Exclusion – Assault and Battery" and provides, in relevant part:

        This insurance does not apply to:

        a.      Expected Or Intended Injury

11

    (1)      "Bodily injury" . . . expected or intended from the standpoint of any insured; or

    (2)      "bodily injury" caused by a person other than an insured, which any insured fails to prevent . . . .

See Exhibit C, at p. 56.

61.    The Policy also contains an Assault and Battery Liability Coverage Form, which adds limited assault and battery coverage to the Policy's commercial general liability coverage under Coverage D, and provides:

    1.    Insuring Agreement

        a.    We will pay those sums that the insured become [sic] legally obligated to pay as damages because of "bodily injury". . . included within the "assault and battery hazard" to which this insurance applies. . .

                \*      \*      \*

        b.    This insurance applies to "bodily injury" only if:

            1.    the "bodily injury" is caused by an "incident" that takes place in a "covered location;" and

            2.    the "bodily injury" occurs during the policy period.

See Exhibit C, at p. 51.

62.    The Assault and Battery Liability Coverage Form specifically defines the terms "assault and battery hazard" and "incident" as:

    "Assault and battery hazard" includes "bodily injury" which:

    1.    results from an intentional act of the insured; or

    2.    was caused by any person other than an insured, which any insured fails to prevent.

                \*      \*      \*

> "Incident" means an event which results in "bodily injury"
> included within the "assault and battery hazard."

See Exhibit C, at p. 53.

63.     The assault and battery liability coverage is subject to a $100,000 per incident limit.  This limit applies regardless of the number of insureds or claims arising from a single incident, and all expenses incurred by Navigators, including defense costs incurred on the insureds' behalf, erode the $100,000 limit.  See Exhibit C, at p. 51.

64.     There may be other terms and conditions that may operate to exclude or limit coverage under the Navigators Policy for the claims alleged in the Koons Complaint and Foreacre Complaint.

### COUNT I
**Declaration of No Coverage Available for Pettit, Davis, Gramenzi,
Padua and Carpenter Because They Are Not Insureds Under Navigators Policy**

65.     The foregoing paragraphs are incorporated by reference as if set forth herein in their entirety.

66.     Oasis is a limited liability company, in business as a gentlemen's establishment.

67.     Pettit, Davis, Gramenzi, Padua and Carpenter are alleged in the complaints to be bouncers employed by Oasis.  See Exhibit A, ¶¶21-22; See Exhibit B, ¶¶19-20.

68.     Section II(1)(c) of the Policy provides that Oasis' employees are insureds, but only for acts within the scope of their employment by Oasis or while performing duties related to the conduct of Oasis' business.  See Exhibit C, at p. 21.

69.     Assuming Pettit, Davis, Gramenzi, Padua and Carpenter were employed by Oasis at the time of the incident, none was acting within the scope of his employment with Oasis or performing duties related to the conduct of Oasis' business when he participated in the assault

and battery committed on Koons and Foreacre in the Oasis parking lot.

70.     In the alternative, assuming Pettit, Davis, Gramenzi, Padua and Carpenter  were employed by Oasis at the time of the incident, each one exceeded the scope of his employment with Oasis when he assaulted and battered Koons, causing his death, and Foreacre, causing serious and permanent injury, while in the Oasis parking lot.

71.     As Pettit, Davis, Gramenzi, Padua and Carpenter either acted outside the scope of their employment, or exceeded the scope of their employment, when they assaulted and battered Koons and Foreacre, they are not insured under the Policy for the claims asserted against them in the Koons Complaint and the Foreacre Complaint.

WHEREFORE, Navigators asks this Court to declare that Pettit, Davis, Gramenzi, Padua and Carpenter are not entitled to a defense or indemnity under Policy No. CH08PKG011820-01 for the Koons Complaint or the Foreacre Complaint.

**COUNT II**
**Declaration of No Coverage Available for The Estate of Robert S. Leflar, The Estate of Jacqueline Leflar, and Alberto Because They Are Not Insureds Under Navigators Policy**

72.     The foregoing paragraphs are incorporated by reference as if set forth herein in their entirety.

73.     As Oasis is a limited liability company, Section II(1)(c) of the Policy provides that Oasis' members are insureds, but only with respect to the conduct of Oasis' business. Oasis' managers are also insureds, but only with respect to their duties as Oasis' managers. Oasis' employees are insureds, but only for acts within the scope of their employment by Oasis or while performing duties related to the conduct of Oasis' business. See Exhibit C, at pp. 21-22.

74.     Leflar and Jacqueline were not, and Alberto is not, a member, manager or employee of Oasis.

14

75.     The Estate of Robert S. Leflar, The Estate of Jacqueline Leflar and Alberto are, therefore, not insured under the Policy for the claims asserted against them in the Koons Complaint and the Foreacre Complaint.

WHEREFORE, Navigators asks this Court to declare that the Estate of Robert S. Leflar, The Estate of Jacqueline Leflar, and Alberto are not entitled to a defense or indemnity under Policy No. CH08PKG011820-01 for the Koons Complaint or the Foreacre Complaint.

<u>COUNT III</u>
**Declaration of No Coverage Under Bodily Injury Liability Coverage Part Because All Damages Sustained by Koons and Foreacre Resulted From the Assault and Battery**

76.     The foregoing paragraphs are incorporated by reference as if set forth herein in their entirety.

77.     In order to fall within the scope of the Policy's bodily injury liability coverage, the complaint must allege that Oasis/Employees are legally obligated to pay damages because of "bodily injury" caused by an "occurrence," as those terms are defined by the Policy.

78.     To the extent the complaints allege that Oasis/Employees are legally obligated to pay damages to Koons and/or Foreacre because of "bodily injury," the complaints do not allege that those damages were caused by an "occurrence."

79.     The complaints allege that Koons and Foreacre sustained bodily injury when Oasis/Employees maliciously, wantonly, intentionally and/or recklessly assaulted and battered them while in the parking lot of Oasis. <u>See</u> Exhibit A, ¶¶41-45, 47-50; <u>See</u> Exhibit B, ¶¶42-47, 49-53.

80.     While the complaints include counts entitled "Negligence" against all defendants, the allegations within those counts establish that it was the intentional conduct of Oasis/Employees that caused the bodily injury to Koons and Foreacre for which recovery is

15

sought.

81.     In the absence of an alleged "occurrence," the allegations in the complaints do not

trigger the coverage afforded under the Policy's bodily injury liability coverage.

WHEREFORE, Navigators asks this Court to declare that Oasis/Employees are not

entitled to a defense or indemnity under the bodily injury liability coverage provided under

Coverage A of Policy No. CH08PKG011820-01.

**COUNT IV**
**Declaration of No Coverage Under Bodily Injury Liability Coverage Part and Liquor**
**Liability Coverage Part Because the Complaints Allege That Oasis Employees**
**Expected or Intended To Commit the Assault and Battery on Koons and Foreacre**

82.     The foregoing paragraphs are incorporated by reference as if set forth herein in

their entirety.

83.     The Policy's Assault and Battery Exclusion provides that "[t]his insurance does

not apply to . . . bodily injury expected or intended from the standpoint of *any* insured" or "injury

expected or intended from the standpoint of *any* insured." See Exhibit C, at p. 56.

84.     The complaints allege that Leflar, Pettit, Davis, Gramenzi, Padua and Carpenter

intended to assault and batter Koons and Foreacre. See Exhibit A, ¶¶33-35; See Exhibit B, ¶¶23,

26-28, 32, 34-36.

85.     Assuming, *arguendo*, that The Estate of Robert S. Leflar, Pettit, Davis, Gramenzi,

Padua and Carpenter, are deemed to be insureds under the Policy, which Navigators denies, then

the Assault and Battery Exclusion negates the availability of bodily injury liability coverage and

liquor liability coverage to *all* insureds because the bodily injury sustained by Koons and

Foreacre was expected or intended from the standpoint of at least one, or *any*, insured.

WHEREFORE, Navigators asks this Court to declare that the assault and battery

exclusion negates bodily injury liability coverage and liquor liability coverage for each defendant

and, therefore, none of the defendants is entitled to a defense or indemnity under the bodily injury liability coverage or liquor liability coverage provided under Policy No. CH08PKG011820-01.

**COUNT V**
**Declaration That the Only Coverage Available to Insureds, If Any,**
**Is the Limited Assault and Battery Liability Coverage Provided by Endorsement**

86.     The foregoing paragraphs are incorporated by reference as if set forth herein in their entirety.

87.     The Policy's Assault and Battery Liability Coverage Form provides that Navigators "will pay those sums that the insured become [sic] legally obligated to pay as damages because of 'bodily injury'. . . included within the 'assault and battery hazard' to which this insurance applies. . . .'  See Exhibit C, at p. 51.

88.     The Policy defines the term "assault and battery hazard" to include "bodily injury that results from an intentional act of the insured" or "was caused by any person other than an insured, which any insured fails to prevent."  See Exhibit C, at p. 53.

89.     The complaints allege that Oasis/Employees are liable to Koons and Foreacre for bodily injury resulting from a malicious, wanton, intentional and/or reckless assault and battery at the hands of Oasis' employees, agents, servants, etc.  See Exhibit A, ¶¶41-45, 47-50; See Exhibit B, ¶¶42-47, 49-53.

90.     If any of the defendants is entitled to coverage under the Navigators Policy, therefore, that coverage is confined to the limited assault and battery coverage provided by endorsement, subject to a $100,000 limits for defense and indemnity.

WHEREFORE, Navigators asks this Court to declare that, if the Navigators Policy responds to the claims set forth in the Koons Complaint and/or Foreacre Complaint, the only

17

coverage under Policy No. CH08PKG011820-01 triggered by the complaints is the limited assault and battery coverage, added to the Policy by endorsement, subject to a $100,000 limit for defense and indemnity.

### JURY DEMAND

Navigators Insurance Company hereby demands a trial by jury.

COZEN O'CONNOR

Dated:  October 24, 2012

By: _____

/Joshua Wall, Esquire
jwall@cozen.com
PA State Bar No. 27900
1900 Market Street
Philadelphia, PA  19103
Telephone: (215) 665-2065
Facsimile: (215) 701-2065

Laurie R. Kleinman, Esquire
lkleinman@cozen.com
PA State Bar No. 89715
1900 Market Street
Philadelphia, PA  19103
Telephone: (215) 665-4607
Facsimile: (215) 701-2214

Attorneys for Plaintiff,
Navigators Insurance Company

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NAVIGATORS INSURANCE  COMPANY** | : | **NO.  2:11-cv-07074-CDJ** |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| **OASIS ON ESSINGTON, LTD. d/b/a OASIS** | : | |
| **GENTLEMAN'S CLUB, ET AL.** | : | |
| | : | |
| Defendants. | : | |
| | : | |

## CERTIFICATE OF SERVICE

I, Joshua Wall, hereby certify that on the 24th day of October, 2012, the foregoing Amended

Complaint for Declaratory Judgment was served via United States mail on the following:

Steven P. Cholden, Esquire
Reilly, Janiczek & McDevitt, P.C.
Widener Building, Suite 410
One South Penn Square
Philadelphia, PA 19107

Counsel of Record for Defendants

Robert Leflar Investments, LLC at its registered office address:

Robert Leflar Investments, LLC
491 School Road
Blue Bell, PA  19422

The Estate of Jacqueline Leflar and The Estate of Robert S. Leflar:

        Caitlin Oberst, Esquire
        Stradley Ronon Stevens & Young
        2005 Market Street, Suite 2600
        Philadelphia, PA 19103-7018

                    COZEN O'CONNOR

Dated:  October 24, 2012          By:

                    Joshua Wall, Esquire
                    jwall@cozen.com
                    PA State Bar No. 27900
                    1900 Market Street
                    Philadelphia, PA  19103
                    Telephone: (215) 665-2065
                    Facsimile: (215) 701-2065

                    Attorneys for Plaintiff,
                    Navigators Insurance Company

# *Exhibit B*

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| ALEXANDER A. DISANTI | ROBERT S. LEFLAR |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 25 WEST SECOND STREET<br>MEDIA PA 19063 | 1907 SKIPPACK PIKE<br>BLUE BELL PA 19422 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | OASIS ON ESSINGTON, LTO., ALIAS: OASIS<br>GENTLEMAN'S CLUB |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 6800 ESSINGTON AVENUE<br>PHILADELPHIA PA 19153 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | JACQUELINE LEFLAR |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 100 W. WISSAHICKON AVENUE APARTMENT 318<br>PLOURTOWN PA 19031-0128 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 10 | ☐ Complaint   ☐ Petition Action   ☐ Notice of Appeal<br>☐ Summons   ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS |
|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration   ☐ Commerce   ☐ Settlement<br>☒ Jury   ☐ Minor Court Appeal   ☐ Minors<br>☐ Non-Jury   ☐ Statutory Appeals   ☐ W/D/Survival<br>☐ Other: |

CASE TYPE AND CODE

20 - PERSONAL INJURY -

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | | IS CASE SUBJECT TO<br>COORDINATION ORDER? |
|---|---|---|
| | **FILED<br>PRO PROTHY**<br>APR 21 2011<br>J. MURPHY | YES          NO |

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant:  ALEXANDER A DISANTI

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| ROBERT J. MONGELUZZI | ONE LIBERTY PLACE 52ND   FLOOR<br>1650 MARKET ST. |
| **PHONE NUMBER**  (215)496-8282 | **FAX NUMBER**  (215)496-0999 | PHILADELPHIA PA 19103 |
| **SUPREME COURT IDENTIFICATION NO.**  36283 | **E-MAIL ADDRESS**  ajones@smbb.com |
| **SIGNATURE OF FILING ATTORNEY OR PARTY**  ROBERT MONGELUZZI | **DATE SUBMITTED**  Thursday, April 21, 2011, 12:01 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

SALTZ, MONGELUZZI, BARRETT & BENDESKY, P.C.
BY: ROBERT J. MONGELUZZI/
CARMEN P. BELEFONTE/ADAM J. PANTANO
IDENTIFICATION NO.: 36283/08608/85261
1650 MARKET STREET
52ND FLOOR
PHILADELPHIA, PENNSYLVANIA 19103
(215) 496-8282

ATTORNEY FOR PLAINTIFF

| | |
|---|---|
| ALEXANDER A. DiSANTI, ESQUIRE as Administrator of the ESTATE OF JAMES MICHAEL KOONS, JR., DECEASED<br>25 West Second Street<br>Media, PA  19063<br><br>v.<br><br>ROBERT S. LEFLAR<br>1907 Skippack Pike<br>Blue Bell, PA  19422<br>And<br>OASIS ON ESSINGTON, LTD. d/b/a<br>OASIS GENTLEMAN'S CLUB<br>6800 Essington Avenue<br>Philadelphia, PA  19153<br>And<br>JACQUELINE LEFLAR<br>100 W. Wissahickon Avenue<br>Apartment 31B<br>Flourtown, PA  19031-0126<br>And<br>ANTHONY R. ALBERTO<br>189 Pitman Downer Road R<br>Sewell, NJ  08080-1878<br>and<br>JOHN PETTIT<br>2908 Powell Avenue<br>Pennsauken, NJ  08110-1127<br>And<br>BRENDAN DAVIS<br>1504 Church Road<br>Oreland, PA  19075-2422<br>And<br>CAESAR A. GRAMENZI<br>258 Revere Road<br>Clifton Heights, PA  19018-1214<br>And | COMMONWEALTH OF PENNSYLVANIA<br>COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>LAW DIVISION<br><br>TERM, 2011<br><br>No.<br><br>JURY TRIAL DEMANDED |

Case ID: 110402467

COMPLETE LIST OF DEFENDANTS:

1. ROBERT LEFLAR INVESTMENTS, LLC
   6800 ESSINGTON AVENUE
   PHILADELPHIA PA 19153
2. EDWIN PADUA
   4155 N. 6TH STREET
   PHILADELPHIA PA 19140
3. TIMOTHY CARPENTER
   218 RICHMOND STREET
   PHILADELPHIA PA 19125
4. CAESAR A. GRANENZI
   255 REVERE ROAD
   CLIFTON HEIGHTS PA 19018-1214
5. BRENDAN DAVIS
   1504 CHURCH ROAD
   ORELAND PA 19075-2422
6. JOHN PETTIT
   2308 POWELL AVENUE
   PENNSAUKEN NJ 08110-1127
7. ANTHONY R. ALBERTO
   189 PITMAN DOWNER ROAD R
   SEWELL PA 08080-1878
8. JACQUELINE LEFLAR
   100 W. WISSAHICKON AVENUE APARTMENT 318
   FLOURTOWN PA 19031-0126
9. OASIS ON ESSINGTON, LTD.
   ALIAS: OASIS GENTLEMAN'S CLUB
   6800 ESSINGTON AVENUE
   PHILADELPHIA PA 19153
10. ROBERT S. LEFLAR
    1907 SKIPPACK PIKE
    BLUE BELL PA 19422

TIMOTHY CARPENTER
218 Richmond Street
Philadelphia, PA 19125
And
EDWIN PADUA
4155 N. 6th Street
Philadelphia, PA 19140
And
ROBERT LEFLAR INVESTMENTS, LLC
6800 Essington Avenue
Philadelphia, PA 19153

## COMPLAINT -- CIVIL ACTION

| "NOTICE" | "AVISO" |
|---|---|
| "You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgement may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.<br><br>"YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.<br>THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.<br><br>IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.<br><br>PHILADELPHIA BAR ASSOCIATION<br>LAWYER REFERRAL and INFORMATION SERVICE<br>One Reading Center<br>Philadelphia, Pennsylvania 19107<br>(215) 238-1701" | "Le han demandado en corte. Si usted quiere defenderse contra las demandas nombradas en las páginas siguientes, tiene veinte (20) días a partir de recibir esta demanda y la notificación para entablar personalmente o por un abogado una comparecencia escrita y entablar para cumplir con la corte un forma escrita sus defensas y objeciones a las demandas contra usted. Sea avisado que si usted no es defendido, el caso puede continuar sin usted y la corte puede incorporar un fallo contra usted sin previo aviso para conseguir el dinero demandado en el pleito o para conseguir cualquier otra demanda a nivela solicitada por el demandante. Usted puede perder dinero o propiedad u otros derechos importantes para usted.<br><br>USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE ABOGADO (O NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO), VAYA EN PERSONA O LLAME POR TELEFONO LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACIÓN SOBRE CONTRATAR A UN ABOGADO.<br><br>SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACIÓN SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGÚN HONORARIO.<br><br>ASOCIACION DE LICENCIADOS DE FILADELFIA<br>SERVICIO DE REFERENCIA E INFORMACION LEGAL<br>One Reading Center<br>Filadelfia, Pennsylvania 19107<br>Teléfono: (215) 238-1701" |

Plaintiff, Alexander A. DiSanti, Administrator of the Estate of James Michael Koons, Jr.,

deceased, by and through his attorneys, Saltz, Mongeluzzi, Barrett & Bendesky, P.C. hereby

demands damages of Defendants herein, jointly, severally, in a sum in excess of the Court's

arbitration limit, plus interest, costs of suit and damages for pre-judgment delay, upon causes of

action of which the following are statements:

2

## I.   PARTIES

1.   Plaintiff, Alexander A. DiSanti, Esquire is the Administrator of the Estate of James Michael Koons, Jr., deceased, having been duly appointed by the Register of Wills office of Delaware County.

2.   Plaintiff, Alexander DiSanti, Esquire is an adult citizen of the Commonwealth of Pennsylvania with a place of business located at 25 West Second Street, Media, PA.

3.   Defendant, Oasis on Essington, Ltd. d/b/a Oasis Gentleman's Club (hereinafter "Defendant Oasis") is a domestic for-profit limited liability company duly organized and existing under the laws of the Commonwealth of Pennsylvania, under entity number 3089746, with a registered address and place of business located at 6800 Essington Avenue, Philadelphia, PA 19153.

4.   At all times material hereto, Defendant Oasis acted or failed to act, by and through its agents, ostensible agents, servants, workmen and/or employees, who were then and there acting within the course and scope of their authority in the course of their relationship with said Defendant in furtherance of Defendant's pecuniary interests.

5.   Defendant Oasis is vicariously or otherwise responsible for the negligent and tortious acts or omissions of its agents, ostensible agents, servants, workmen and/or employees, including but not limited to, Defendants, Robert S. Leflar, John Pettit, Brendan Davis, Caesar A. Gramenzi, Edwin Padua and Timothy Carpenter.

6.   Defendant, Robert S. Leflar, an adult individual, is a citizen of the Commonwealth of Pennsylvania residing at 1907 Skippack Pike, Blue Bell, PA 19422.

7.   Defendant Robert Leflar Investments, LLC is a corporation organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania, with its principal

3

place of business located at 6800 Essington Avenue, Philadelphia, PA 19153, and which, at all times relevant herein, engaged in business within the Commonwealth of Pennsylvania, and the County of Philadelphia, on a regular, systematic, substantial and continuous basis.

8.      At all times relevant hereto, Defendant Robert Leflar Investments, LLC owned, maintained and controlled the premises located at 6800 Essington Avenue, Philadelphia, PA 19153.

9.      At all times relevant hereto, Defendant, Robert Leflar Investments, LLC, was responsible for the management, operation, and maintenance of the property located at 6800 Essington Avenue, Philadelphia, PA 19153.

10.      At all times relevant hereto, Defendant Robert S. Leflar was the president, owner and/or sole shareholder of Robert Leflar Investments, LLC.

11.      At all times relevant hereto, Defendant Robert S. Leflar had access to, use of, maintained, controlled and held himself out as the owner of Defendant Oasis.

12.      At all times relevant hereto, Defendant Robert S. Leflar was the *de facto* owner of Defendant Oasis.

13.      Defendant, Jacqueline Leflar does business as Oasis on Essington, Ltd. in the Commonwealth of Pennsylvania, and in the City of Philadelphia and owns, manages, controls and has an ownership interest in Oasis on Essington, Ltd. and by virtue of that ownership interest was the owner and operator of Defendant Oasis located at 6800 Essington Avenue, Philadelphia, PA 19153.

14.      Defendant, Anthony R. Alberto does business as Oasis on Essington, Ltd. in the Commonwealth of Pennsylvania, and in the City of Philadelphia and owns, manages, controls and has an ownership interest in Oasis on Essington, Ltd. and by virtue of that ownership interest

4

was the owner and operator of Defendant Oasis located at 6800 Essington Avenue, Philadelphia, PA 19153.

15.    Defendant, John Pettit (hereinafter "Pettit"), an adult individual, is a citizen of the State of New Jersey, residing therein at 2908 Powell Avenue, Pennsauken, NJ.

16.    Defendant, Brendan Davis (hereinafter "Davis"), an adult individual, is a citizen of the Commonwealth of Pennsylvania, residing at 1504 Church Road, Oreland, PA.

17.    Defendant, Caesar A. Gramonzi (hereinafter "Gramonzi"), an adult individual, is a citizen of the Commonwealth of Pennsylvania, residing at 258 Revere Road, Clifton Heights, PA.

18.    Defendant, Timothy Carpenter (hereinafter "Carpenter"), an adult individual, is a citizen of the Commonwealth of Pennsylvania, residing at 218 Richmond Street, Philadelphia, PA.

19.    Defendant Edwin Padua (hereinafter "Padua"), an adult individual, is a citizen of the Commonwealth of Pennsylvania, residing at 4155 N. 6th Street, Philadelphia, PA.

20.    At all times relevant hereto, Defendant Pettit was employed as the manager and/or bouncer at Oasis.

21.    At all times relevant hereto, Defendants Davis, Gramonzi, Carpenter and Padua were employed as bouncers at Oasis.

22.    At all times relevant hereto, Defendants Robert S. Leflar, Pettit, Davis, Gramonzi, Carpenter and Padua were acting individually and as agents, ostensible agents, servants, work persons and/or employees of Defendant Oasis within the course and scope of their authority and/or employment, for and on the business of said Defendant, and under its control, or right of control.

## II.   FACTS

23.    Plaintiff incorporates by reference herein all preceding paragraphs of this Complaint as though the same were fully set forth at length.

### A.   The Attack on Plaintiff's Decedent Mr. Koons

24.    On October 16, 2009, Plaintiff's decedent (hereinafter "Plaintiff Koons") was a business invitee lawfully on the premises at Oasis Gentleman's Club, located at 6800 Essington Avenue, Philadelphia, PA.

25.    On that date, Plaintiff Koons lawfully entered Oasis Gentleman's Club with a friend, George Foreacre, also a business invitee to watch the Phillies play the Dodgers which was scheduled to start at 4:07 p.m. EST.

26.    The premises was owned by Robert Loflar Investments, LLC, and operated by the Defendants Oasis, Anthony R. Alberto, Jacqueline Loflar and Robert S. Loflar.

27.    While patrons at Oasis Gentleman's Club on October 16, 2009, Plaintiff Koons and Mr. Foreacre were served numerous alcoholic beverages.

28.    Upon information and belief, after Plaintiff Koons and Mr. Foreacre purchased and consumed the beverages served by the Defendants, bouncers employed by the Defendants at Oasis Gentleman's Club forcibly ejected Plaintiff Koons and Mr. Foreacre from the premises and into the parking lot.

29.    Once outside, Plaintiff Koons realized that his credit card was left on the bar.

30.    Upon information and belief, the Defendants Pettit, Davis, Gramenzi, Padua and Carpenter were standing in the doorway entrance to the Oasis Gentleman's Club in an intimidating fashion preventing Plaintiff Koons from retrieving his credit card.

6

31.    Upon information and belief, Plaintiff Koons called 911 to report the assault during the ejection by Defendants.

32.    While Plaintiff Koons and Mr. Foreacre were in the parking lot calling 911, Defendant Robert S. Leflar drove into the parking lot in a Hummer and stopped in close proximity to Plaintiff Koons and Mr. Foreacre.

33.    Upon exiting the vehicle, Defendant Robert S. Leflar walked up to Mr. Foreacre and without provocation punched Mr. Foreacre in the face.

34.    As Mr. Foreacre fell to the ground as a result of being punched, upon information and belief Defendants Pettit, Davis, Gramenzi, Padua and Carpenter ran into the parking lot and continued the assault on Mr. Foreacre.

35.    Upon information and belief, Defendants Leflar, Pettit, Davis, Gramenzi, Padua and Carpenter turned their attention to Plaintiff Koons, physically assaulting him in the area of Defendant Robert S. Leflar's Hummer causing him to fall to the ground and rendering him unconscious.

36.    Plaintiff Koons never struck Defendants Leflar, Pettit, Davis, Gramenzi, Padua and/or Carpenter, pushed them or in anyway physically threatened them.

37.    Plaintiff Koons' assailants were later identified as Defendants Robert S. Leflar, Pettit, Davis, Gramenzi, Padua and who were arrested and charged with aggravated assault, murder and conspiracy, among other charges.

38.    By reason of the carelessness, negligence and other liability-producing conduct of Defendants, Plaintiff Koons sustained injuries that led to his November 2, 2009 death.

39.    By reason of the carelessness, negligence and other liability-producing conduct of the Defendants, Plaintiff Koons sustained conscious pain and suffering and fear of impending

7

death, psychological, psychiatric, orthopedic and neurological injuries, and other severe and disabling injuries that eventually led to his death; despair, despondency, anxiety, mental and emotional pain and suffering prior to his death; great physical pain, suffering and the loss of life's pleasures, past, present and future; loss of earnings and wages and loss of earnings capacity, past, present and future; hospital, medical and rehabilitation expenses, including medical equipment, supplies and other medical care and treatment before decedent's death; other psychological, psychiatric, orthopedic and neurological injuries between the time of the accident and the time of his death.

**COUNT I**
**ASSAULT**
**PLAINTIFF v. DEFENDANTS**

40.     Plaintiff incorporates herein all preceding paragraphs of this Complaint as though the same were fully set forth at length.

41.     The conduct of Defendants Robert S. Leflar, Pettit, Davis, Gramenzi, Carpenter and Padua constituted an assault;

42.     As a direct and proximate result of Defendants Robert S. Leflar, Pettit, Davis, Gramenzi, Carpenter and Padua's assault, Plaintiff Koons was placed in apprehension and suffered fear for his physical safety and ultimately died.

43.     Defendants' assault was malicious, wanton, intentional and/or reckless; warranting the imposition of punitive damages.

44.     At all times relevant hereto, Defendants Robert S. Leflar, Pettit, Davis, Gramenzi, Carpenter and Padua were employees, agents and/or servants of Defendants Oasis, Jacqueline Leflar, Anthony R. Alberto and/or Robert Leflar Investments, LLC and were acting within the

8

course and scope of their employment with Defendant Oasis, Jacqueline Leflar and Anthony R. Alberto and/or Robert Leflar Investments, LLC.

45.    Defendants Oasis, Jacqueline Leflar, Anthony R. Alberto and/or Robert Leflar Investments, LLC are vicariously liable for the actions of Defendants Robert S. Leflar, Pettit, Davis, Gramenzi, Carpenter and Padua.

WHEREFORE, Plaintiff, Alexander A. DiSanti, Esquire as the Administrator of the Estate of James Michael Koons, Jr., deceased demands that judgment be entered in favor of the Estate of James Koons, against Defendants, jointly and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00), in compensatory damages and delay damages pursuant to Pa. R.C.P. 238, interest and allowable costs of suit.

### COUNT II
### BATTERY
### PLAINTIFF V. DEFENDANTS

46.    Plaintiff incorporates herein all preceding paragraphs of this Paragraph as though the same were fully set forth at length.

47.    The conduct of Defendants Robert S. Leflar, Pettit, Davis, Gramenzi, Carpenter and Padua constituted a battery upon Plaintiff Koons.

48.    As a direct and proximate result of Defendants Robert S. Leflar, Pettit, Davis, Gramenzi, Carpenter and Padua's battery, Plaintiff Koons suffered grievous physical pain, emotional trauma and ultimately died.

49.    Defendants' battery was malicious, wanton, intentional and/or reckless, warranting the imposition of punitive damages.

50.    At all times relevant hereto, Defendants Pettit, Davis, Gramenzi, Carpenter and Padua were employees, agents and/or servants of Defendants Robert S. Leflar, Oasis, Jacqueline

9

Leflar, Anthony R. Alberto and/or Robert Leflar Investments, LLC and were acting within the course and scope of their employment with Defendants Robert S. Leflar, Oasis, Jacqueline Leflar, Anthony R. Alberto and/or Robert Leflar Investments, LLC.

WHEREFORE, Plaintiff, Alexander A. DiSanti, Esquire as the Administrator of the Estate of James Michael Koons, Jr., deceased demands that judgment be entered in favor of the Estate of James Koons, against Defendants, jointly and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00), in compensatory damages and delay damages pursuant to Pa. R.C.P. 238, interest and allowable costs of suit.

COUNT III

NEGLIGENCE

PLAINTIFF V. DEFENDANTS ROBERT S. LEFLAR, BRENDAN DAVIS,
CAESAR A. GRAMENZI,
TIMOTHY CARPENTER AND EDWIN PADUA

51.    Plaintiff incorporates herein all preceding paragraphs of this Complaint as though the same were fully set forth at length.

52.    The aforesaid incident was in no manner caused by any act or failure to act on the part of Plaintiff Koons.

53.    The aforementioned incident was caused by the negligent, careless and reckless conduct of the Defendants.

54.    Defendants Robert S. Leflar, Oasis, Anthony R. Alberto, Jacqueline Leflar and/or Robert Leflar Investments, LLC, as principals, are vicariously liable for the acts of their agents, ostensible agents, servants, work persons, operators and employees, including Defendants Robert S. Leflar, Pettit, Davis, Gramenzi, Carpenter and Padua in this case.

55.    The negligence of the Defendants Robert S. Leflar, Pettit, Davis, Gramenzi, Carpenter and Padua includes, but is not limited to:

10

Case ID: 110402467

a.    Failure to restrain Plaintiff Koons without injuring him;

b.    Using excessive and unwarranted force against Plaintiff Koons;

c.    Failing to adequately supervise said agents, ostensible agents, servants, work persons, and/or employees to provide a safe environment for Defendants' patrons and business invitees;

d.    Failure to properly train and/or instruct said agents, ostensible agents, servants, work persons, and/or employees to provide a safe environment for Defendants' patrons and business invitees;

e.    Failing to perform proper background searches and establish continuing performance standards for Defendants' bouncers and/or other security personnel;

f.    Permitting Defendant Pettit to remain an employee of Defendant Oasis despite having knowledge and information about his known violent propensities which would have led any reasonable employer to conclude that Pettit was not suitable nor qualified for the position; and

g.    Failure to exercise reasonable care under the circumstances.

56.    As a direct and proximate result of the negligence of Defendants Robert S. Loflar, Pettit, Davis, Gramenzi, Carpenter and Padua, Plaintiff Koons suffered grievous physical pain, emotional trauma and ultimately died.

57.    Accordingly Defendants Robert S. Loflar, Oasis, Anthony R. Alberto, Jacqueline Loflar and/or Robert Loflar Investments, LLC are vicariously liable for the actions of Defendants Robert S. Loflar, Pettit, Davis, Gramenzi, Carpenter and Padua.

WHEREFORE, Plaintiff, Alexander A. DiSanti, Esquire as the Administrator of the Estate of James Michael Koons, Jr., deceased demands that judgment be entered in favor of the Estate of James Koons, against defendants, jointly and/or severally, in an amount in excess of Fifty Thousand Dollars (350,000.00), in compensatory damages and delay damages pursuant to Pa. R.C.P. 238, interest and allowable costs of suit.

11

Case ID: 110402467

COUNT IV
NEGLIGENCE
PLAINTIFF V. OASIS ON ESSINGTON, LTD. d/b/a OASIS GENTLEMAN'S CLUB,
JACQUELINE LEFLAR, ANTHONY R. ALBERTO and ROBERT LEFLAR
INVESTMENTS, LLC

58.     Plaintiff incorporates herein all preceding paragraphs of this Complaint as though
the same were fully set forth at length.

59.     Defendants Robert S. Leflar, Oasis, Anthony R. Alberto, Jacqueline Leflar and/or
Robert Leflar Investments, LLC are directly negligent, and their negligence was a substantial
factor in bringing about the injuries and subsequent death of Plaintiff Koons.

60.     The negligence of Defendants Robert S. Leflar, Oasis, Anthony R. Alberto,
Jacqueline Leflar and/or Robert Leflar Investments, LLC includes, but is not limited to:

    a.      Failing to adequately investigate the background of their employees;

    b.      Failing to properly supervise and train their employees;

    c.      Failing to adequately instruct their employees in the use of force;

    d.      Failing to adequately instruct their employees on the dangers in the use of
            force;

    e.      Failing to instruct their employees on the rights and safety of Plaintiff
            Koons in connection with the incident in question and Plaintiff Koons'
            injuries and ultimate death which were reasonable foreseeable;

    f.      Failing to have proper policies, procedures and customs in place so as to
            avoid the type of harm suffered by Plaintiff Koons;

    g.      Failing to perform proper background searches and establish continuing
            performance standards for Defendants' bouncers and/or other security
            personnel;

    h.      Permitting Defendant Pettit to remain an employee of Defendant Oasis
            despite having knowledge and information about his known violent
            propensities which would have led any reasonable employer to conclude
            that Pettit was not suitable nor qualified for the position;

12

Case ID: 110402467

i.    Failing to undertake reasonable steps to implement necessary training for the staff, and proper policies and protocols to ensure the safety of patrons utilizing the establishment; and

j.    Failure to exercise reasonable care under the circumstances.

61.    As a direct and proximate result of Defendants' direct negligence, Plaintiff Koons suffered grievous physical pain, emotional trauma and ultimately died.

WHEREFORE, Plaintiff, Alexander A. DiSanti, Esquire as the Administrator of the Estate of James Michael Koons, Jr., deceased demands that judgment be entered in favor of the Estate of James Koons, against Defendants, jointly and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00), in compensatory damages and delay damages pursuant to Pa. R.C.P. 238, interest and allowable costs of suit.

## COUNT V
## VIOLATION OF TITLE 47, SECTION 4-493
## OF THE PENNSYLVANIA CODE (DRAM SHOP ACT)

62.    Plaintiff incorporates herein all preceding paragraphs of this Complaint as though the same were fully set forth at length.

63.    At all times relevant hereto, Defendants Robert S. Loller, Oasis On Essington, Ltd. d/b/a Oasis Gentleman's Club, Jacqueline Loller and Anthony R. Alberto operated a business known as Oasis Gentleman's Club.

64.    At all times relevant hereto, Defendants were licensees as that term is defined in Section 4-493 of Title 47 of the Pennsylvania Code.

65.    At all times relevant hereto, Defendants, by and through their employees, servants and/or agents, sold and/or furnished alcoholic beverages to Plaintiff Koons who at the time was visibly intoxicated.

13

Case ID: 110402467

66.    Defendants actions were in violation of Section 4-493 of Title 47 of the Pennsylvania Code which states "It shall be unlawful,...for any licensee or the Board, or any employee, servant or agent of such licensee or of the Board, or any person, to sell, furnish or give any liquor or malt or brewed beverages, or to remit any liquor or malt or brewed beverages to be sold, furnished or given, to any person visible intoxicated...."

67.    As a direct and proximate result of Defendants violation of Section 4-493 of Title 47 of the Pennsylvania Code, Plaintiff Koons suffered physical pain and emotional trauma and ultimately died.

WHEREFORE, Plaintiff, Alexander A. DiSanti, Esquire as the Administrator of the Estate of James Michael Koons, Jr., deceased demands that judgment be entered in favor of the Estate of James Koons, against Defendants, jointly and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00), in compensatory damages and delay damages pursuant to Pa. R.C.P. 238, interest and allowable costs of suit.

## COUNT VI – WRONGFUL DEATH
### PLAINTIFF v. DEFENDANTS

68.    Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

69.    James Koons, decedent, is survived by his daughters Isabella Marie, minor, and Jamie Lynn, minor.

70.    By reason of the death of plaintiff's decedent, decedent's beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including, but not limited to, loss of support, loss of aid, loss of services, loss of companionship, and comfort, loss of counseling, tutelage and loss of guidance.

14

Case ID: 110402467

71.     As a direct and proximate result of the foregoing, decedent's wrongful death beneficiaries incurred or have been caused to incur and pay large and various expenses for medical treatment, hospital care and medicine rendered to decedent until the time of his death and to incur various funeral, burial and estate and administration expenses for which plaintiffs are entitled to compensation in this proceeding.

72.     Neither decedent nor anyone on his behalf brought an action against Defendants during his lifetime for the injuries and losses which he suffered by reason of the negligence, carelessness, and other liability-producing acts of Defendants.

73.     Plaintiff, as Administratrix of decedent's estate, brings this action by virtue of the Wrongful Death Act, 42 Pa.C.S.A. §8301, and Pa.R.C.P. 2202, and claims all benefits and recoverable damages under the Wrongful Death Act on behalf of all other persons entitled to recover under law.

WHEREFORE, Plaintiff, Alexander A. DiSanti, Esquire as the Administrator of the Estate of James Michael Koons, Jr., deceased demands that judgment be entered in favor of the Estate of James Koons, against Defendants, jointly and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00), in compensatory damages and delay damages pursuant to Pa. R.C.P. 238, interest and allowable costs of suit.

### COUNT VII – SURVIVAL ACT
### PLAINTIFF v. DEFENDANT

74.     Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

75.     Plaintiff claims on behalf of the estate of James Koons all damages suffered by the estate by reason of the death of James Koons, including without limiting the generality of the following: the severe injuries to James Koons, which resulted in his death; the anxiety, horror,

Case ID: 110402467

fear of impending death, mental disturbance, pain, suffering and other intangible losses which James Koons suffered prior to his death; the loss of future earning capacity suffered by James Koons from the date of his death until the time in the future that he would have lived had he not died as a result of the injuries he sustained; the loss and the total limitation and deprivation of his normal activities, pursuits and pleasures from the date of his death until such time in the future as he would have lived had he not died as a result of the injuries sustained by reason of the carelessness and negligence of Defendants.

76.     Plaintiff brings this action on behalf of the estate of James Koons, deceased, by virtue of the Survival Act, 42 Pa.C.S.A. §8302, and claims all benefits of the Survival Act on behalf of James Koons' estate, and other persons entitled to recover under law.

WHEREFORE, Plaintiff, Alexander A. DiSanti, Esquire as the Administrator of the Estate of James Michael Koons, Jr., deceased demands that judgment be entered in favor of the Estate of James Koons, against Defendants, jointly and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00), in compensatory damages and delay damages pursuant to Pa. R.C.P. 238, interest and allowable costs of suit.

SALTZ, MONGELUZZI, BARRETT & BENDESKY, P.C.


BY: /s/ Robert J. Mongeluzzi
       ROBERT J. MONGELUZZI, ESQUIRE
       CARMEN P. BELEFONTE, ESQUIRE
       ADAM J. PANTANO, ESQUIRE

Attorneys for Plaintiff, Alexander A. DiSanti, Administrator of the Estate of James Michael Koons, Jr., deceased

16

Case ID: 110402467

*Exhibit C*

BY:   STEVEN G. WIGRIZER, ESQUIRE
wigrizers@wnwlaw.com
IDENTIFICATION NO.: 30396
BY:  SAMUEL A. ANYAN, ESQUIRE
anyans@wnwlaw.com
IDENTIFICATION NO.: 202503
WAPNER, NEWMAN, WIGRIZER,
BRECHER & MILLER, P.C.
115 South Twenty First Street
Philadelphia, PA 19103-4433
(215) 569-0900

THIS IS A MAJOR JURY CASE
JURY TRIAL DEMANDED
ASSESSMENT OF DAMAGES
HEARING REQUIRED

ATTORNEY FOR PLAINTIFF

| | |
|---|---|
| GEORGE FOREACRE and<br>ANGELA FOREACRE h/w<br>7 Blackhorse Lane<br>Media, PA 19063<br>                   *Plaintiffs* | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
|     v. | |
| OASIS ON ESSINGTON, LTD d/b/a OASIS<br>GENTLEMEN'S CLUB<br>6800 Essington Avenue<br>Philadelphia, PA 19153<br>    *and* | |
| ROBERT LAFLAR<br>1907 Skippack Pike<br>Blue Bell, PA 19422<br>    *and* | TERM, 2011 |
| JACQUELINE LAFLAR<br>6800 Essington Avenue<br>Philadelphia, PA 19153<br>    *and* | |
| ANTHONY R. ALBERTO<br>6800 Essington Avenue<br>Philadelphia, PA 19153<br>    *and* | NO: |
| JOHN PETTIT<br>2908 Powell Avenue<br>Pennsauken, NJ 08110<br>    *and* | |
| BRENDAN DAVIS<br>1504 Church Road<br>Oreland, PA 19075<br>    *and* | |
| CEASAR GRAMENZI<br>258 Revere Road<br>Clifton Heights, PA 19018<br>    *and* | |

Case ID: 110502995

TIMOTHY CARPENTER                          :
218 Richmond Street                        :
Philadelphia, PA 19125                     :
            *and*                          :
EDWIN PADUA                                :
4155 N. 6th Street                         :
Philadelphia, PA 19140                     :
            *and*                          :
ROBERT LAFLAR INVESTMENTS, LLC             :
6800 Essington Avenue                      :
Philadelphia, PA  19153                    :
                            *Defendants*   :

## CIVIL ACTION COMPLAINT

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION SERVICE
ONE READING CENTER
PHILADELPHIA, PA 19107
TELEPHONE: (215) 238-6333

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará mdidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATA-MENTE. SI NO TIENE ABOGADO O SINO TIENE EL DI-NERO SUFICIENTE DE PAGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELEPHONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACIÓN DE LICENCIADOS DE FILADELFIA
SERVICIO DE REFERENCIA E INFORMACIÓN LEGAL
ONE READING CENTER
FILADELFIA, PA 19107
TELÉFONO: (215) 238-6333

Case ID: 110502995

## I.   PARTIES

    1.     Plaintiff, George Foreacre, is an adult citizen of the Commonwealth of Pennsylvania residing at 7 Blackhorse Lane, Media, PA 19063.

    2.     Defendant, Oasis on Essington, Ltd. d/b/a Oasis Gentleman's Club (hereinafter "Defendant Oasis") is a domestic for-profit limited liability company duly organized and existing under the laws of the Commonwealth of Pennsylvania, under entity number 3089746, with a registered address and place of business located at 6800 Essington Avenue, Philadelphia, PA 19153, and which, at all times relevant hereto, engaged in business within the Commonwealth of Pennsylvania, and the County of Philadelphia, on a regular, systematic, substantial and continuous basis.

    3.     At all times material hereto, Defendant Oasis acted or failed to act, by and through its agents, ostensible agents, servants, workmen and/or employees, who were then and there acting within the course and scope of their authority in the course of their relationship with said Defendant in furtherance of Defendant's pecuniary interests.

    4.     Defendant Oasis is vicariously or otherwise responsible for the negligent and tortuous acts or omissions of its agents, ostensible agents, servants, workmen and/or employees, including but not limited to, Defendants, Robert S. Laflar, John Pettit, Brendan Davis, Caesar A. Gramenzi, Edwin Padua and Timothy Carpenter.

    5.     Defendant, Robert S. Laflar, an adult individual, is a citizen of the Commonwealth of Pennsylvania residing at 1907 Skippack Pike, Blue Bell, PA 19422.

    6.     Defendant Robert Laflar Investments, LLC is a corporation organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania, with its principal place of business located at 6800 Essington Avenue, Philadelphia, PA 19153, and which, at all

Case ID: 110502995

times relevant hereto, engaged in business within the Commonwealth of Pennsylvania, and the County of Philadelphia, on a regular, systematic, substantial and continuous basis.

7.    At all times relevant hereto, Defendant Robert Laflar Investments, LLC owned, maintained and controlled the premises located at 6800 Essington Avenue, Philadelphia, PA 19153.

8.    At all times relevant hereto, Defendant, Robert Laflar Investments, LLC, was responsible for the management, operation, and maintenance of the property located at 6800 Essington Avenue, Philadelphia, PA 19153.

9.    At all times relevant hereto, Defendant Robert S. Laflar was the president, owner and/or sole shareholder of Robert Laflar Investments, LLC.

10.    At all times relevant hereto, Defendant Robert S. Laflar had access to, use of, maintained, controlled and held himself out as the owner of Defendant Oasis.

11.    At all times relevant hereto, Defendant Robert S. Laflar was the *de facto* owner of Defendant Oasis.

12.    Defendant, Jacqueline Laflar does business as Oasis on Essington, Ltd. in the Commonwealth of Pennsylvania, and in the City of Philadelphia and owns, manages, controls and has an ownership interest in Oasis on Essington, Ltd. and by virtue of that ownership interest was the owner and operator of Defendant Oasis located at 6800 Essington Avenue, Philadelphia, PA 19153.

13.    Defendant, Anthony R. Alberto does business as Oasis on Essington, Ltd. in the Commonwealth of Pennsylvania, and in the City of Philadelphia and owns, manages, controls and has an ownership interest in Oasis on Essington, Ltd. and by virtue of that ownership interest was the owner and operator of Defendant Oasis located at 6800 Essington Avenue, Philadelphia, PA 19153.

14.     Defendant, John Pettit (hereinafter "Pettit"), an adult individual, is a citizen of the State of New Jersey, residing therein at 2908 Powell Avenue, Pennsauken, NJ.

15.     Defendant, Brendan Davis (hereinafter "Davis"), an adult individual, is a citizen of the Commonwealth of Pennsylvania, residing at 1504 Church Road, Oreland, PA.

16.     Defendant, Caesar A. Gramenzi (hereinafter "Gramenzi"), an adult individual, is a citizen of the Commonwealth of Pennsylvania, residing at 258 Revere Road, Clifton Heights, PA.

17.     Defendant, Timothy Carpenter (hereinafter "Carpenter"), an adult individual, is a citizen of the Commonwealth of Pennsylvania, residing at 218 Richmond Street, Philadelphia, PA.

18.     Defendant Edwin Padua (hereinafter "Padua"), an adult individual, is a citizen of the Commonwealth of Pennsylvania, residing at 4155 N. 6th Street, Philadelphia, PA.

19.     At all times relevant hereto, Defendant Pettit was employed as the manager and/or bouncer at Oasis.

20.     At all times relevant hereto, Defendants Davis, Gramenzi, Carpenter and Padua were employed as bouncers at Oasis.

21.     At all times relevant hereto, Defendants Robert S. Laflar, Pettit, Davis, Gramenzi, Carpenter and Padua were acting individually and as agents, ostensible agents, servants, work persons and/or employees of Defendant Oasis within the course and scope of their authority and/or employment, for and on the business of said Defendant, and under its control, or right of control.

Case ID: 110502995

II.    **FACTS**

22.    Plaintiff incorporates by reference paragraphs 1 through 21 of this Complaint as though the same were fully set forth at length.

23.    On October 16, 2009, at or around 5:00p.m., Plaintiff, George Foreacre, along with a friend, Jimmy Koons, deceased, were business invitees lawfully on the premises at Oasis Gentleman's Club, located at 6800 Essington Avenue, Philadelphia, PA.

24.    Plaintiff, George Foreacre, and Jimmy Koons, deceased, entered Oasis Gentleman's club to watch a Philadelphia Phillies baseball game.

25.    The premises was owned by Robert Laflar Investments, LLC, and operated by the Defendants Oasis, Anthony R. Alberto, Jacqueline Laflar and Robert S. Laflar.

26.    A short time later, plaintiff was maliciously, recklessly and wantonly struck on the head by Oasis security personnel, and was thrown to the ground without warning or provocation.

27.    Plaintiff's assailant(s) began choking him.

28.    Plaintiff lost consciousness shortly thereafter, upon information and belief, he was carried away by his assailant(s) and thrown outside the club.

29.    Upon information and belief, Jimmy Koons, deceased, called 911 to report the assault during the ejection by Defendants.

30.    Plaintiff, Foreacre also called 911 to report the assault.

31.    While plaintiff Foreacre and Jimmy Koons, deceased, were in the parking lot calling 911, Defendant Robert S. Laflar drove into the parking lot in a Hummer and stopped in close proximity to plaintiff Foreacre and Jimmy Koons, deceased.

32.    While waiting for police, plaintiff and companion, Jimmy Koons, deceased, were approached by Robert Laflar.

Case ID: 110502995

33.     Suddenly, and without provocation, defendant, Robert Laflar punched plaintiff, Foreacre in the face.

34.     After being struck by defendant, Robert Laflar, plaintiff fell to the ground.

35.     While on the ground, plaintiff was beaten by defendant Robert Laflar, and Oasis employees, servants, agents, Carpenter, Davis, Fadua, Pettit, and Gramenzi.

36.     As a direct and proximate result of the aforementioned incident, Plaintiff was made to fear for his life and sustained serious personal injuries as set forth in detail hereinafter.

37.     The aforementioned incident, moreover, was in no manner caused by any act or failure to act on the part of plaintiff.

38.     As a direct and proximate result of defendant's conduct, plaintiff sustained multiple personal injuries including:

        a.      Four transverse fractures of the lumbar spine;

        b.      A fracture of the sternum;

        c.      Traumatic injury to the jaw, head, and cervical spine;

        d.      And other injuries to his head, neck and back, their bones, cells, tissues, nerves, muscles and functions; and shock and injury to his nerves and nervous system, some or all of which plaintiff has been advised are or may be permanent in nature.

39.     As a result of defendants conduct as aforesaid plaintiff has suffered damages including:

        a.      Conscious pain and suffering;

        b.      Loss of life's pleasures;

        c.      physical harm;

        d.      loss of earnings and earning capacity;

        e.      past and future medical expenses.

Case ID: 110502995

40.   The aforementioned incident was directly and proximately caused by the willful, reckless, and wanton actions and inaction of Defendants.

## COUNT I - ASSAULT
### PLAINTIFF v. DEFENDANTS ROBERT S. LAFLAR, BRENDAN DAVIS, CAESAR A. GRAMENZI, TIMOTHY CARPENTER AND EDWIN PADUA

41.   Plaintiff incorporates paragraphs 1 through 40 of this Complaint as though the same were fully set forth at length herein.

42.   The conduct of Defendants Robert S. Laflar, Pettit, Davis, Gramenzi, Carpenter and Padua as aforesaid constituted an assault.

43.   As a direct and proximate result of Defendants Robert S. Laflar, Pettit, Davis, Gramenzi, Carpenter and Padua's assault, plaintiff, George Foreacre was placed in apprehension and suffered fear for his physical safety.

44.   Defendants' assault was malicious, wanton, intentional and/or reckless, warranting the imposition of punitive damages.

45.   At all times relevant hereto, Defendants Pettit, Davis, Gramenzi, Carpenter and Padua were employees, agents and/or servants of Defendants Oasis, Robert S. Laflar, Jacqueline Laflar, Anthony R. Alberto and/or Robert Laflar Investments, LLC and were acting within the course and scope of their employment with Defendants Oasis, Robert S. Laflar, Jacqueline Laflar and Anthony R. Alberto and/or Robert Laflar Investments, LLC.

46.   Defendants Oasis, Jacqueline Laflar, Anthony R. Alberto and/or Robert Laflar Investments, LLC are vicariously liable for the actions of Defendants Robert S. Laflar, Pettit, Davis, Gramenzi, Carpenter and Padua.

47.    As a result of defendants' conduct as aforesaid, plaintiff sustained the above mentioned injuries and damages.

WHEREFORE, plaintiff, George Foreacre, demands judgment against defendants, jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00), together with interest, costs, punitive damages, and such other just and equitable relief as this Honorable Court deems proper.

**COUNT II – BATTERY**
**PLAINTIFF V.  DEFENDANTS ROBERT S. LAFLAR, BRENDAN DAVIS,**
**CAESAR A. GRAMENZI, TIMOTHY CARPENTER AND EDWIN PADUA**

48.    Plaintiff incorporates paragraphs 1 through 47 of this Complaint as though the same were fully set forth at length herein.

49.    The conduct of Defendants Robert S. Laflar, Pettit, Davis, Gramenzi, Carpenter and Padua as aforesaid constituted a battery upon plaintiff Foreacre.

50.    As a direct and proximate result of Defendants Robert S. Laflar, Pettit, Davis, Gramenzi, Carpenter and Padua's battery, plaintiff Foreacre suffered grievous physical pain, and emotional trauma.

51.    Defendants' battery was malicious, wanton, intentional and/or reckless, warranting the imposition of punitive damages.

52.    At all times relevant hereto, Defendants Pettit, Davis, Gramenzi, Carpenter and Padua were employees, agents and/or servants of Defendants Robert S. Laflar, Oasis, Jacqueline Laflar, Anthony R. Alberto and/or Robert Laflar Investments, LLC and were acting within the course and scope of their employment with Defendants Robert S. Laflar, Oasis, Jacqueline Laflar, Anthony R. Alberto and/or Robert Laflar Investments, LLC.

Case ID: 110502995

53.    As a result of defendants conduct as aforesaid, plaintiff sustained the above mentioned injuries and damages.

WHEREFORE, plaintiff, George Foreacre, demands judgment against defendants, jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00), together with interest, costs, punitive damages, and such other just and equitable relief as this Honorable Court deems proper.

### COUNT III - NEGLIGENCE
### PLAINTIFF V. DEFENDANTS ROBERT S. LAFLAR, BRENDAN DAVIS, CAESAR A. GRAMENZI, TIMOTHY CARPENTER AND EDWIN PADUA

54.    Plaintiff incorporates paragraphs 1 through 53 of this Complaint as though the same were fully set forth at length herein.

55.    The aforesaid incident was in no manner caused by any act or failure to act on the part of plaintiff Foreacre.

56.    The aforementioned incident was caused by the negligent, careless and reckless conduct of Defendants Robert Laflar, Brendan Davis, Caesar Gramenzi, Timothy Carpenter, and Edwin Padua.

57.    Each of the named defendants was the agent, servant and/or employee of all other named defendants acting within the course and scope of their agency and/or employment.

58.    The negligence of the defendants Robert S. Laflar, Pettit, Davis, Gramenzi, Carpenter and Padua is as follows:

    a.    Using excessive and unwarranted force against Plaintiff Foreacre;

    b.    Failing to consider alternative means and methods to accomplish their goals;

    c.    Failing to follow existing policies, procedures, protocols and guidelines;

Case ID: 110502995

d.   Failing to adequately supervise his/her/their agents, ostensible agents, servants, work persons, and/or employees;

e.   Failure to properly train and/or instruct said agents, ostensible agents, servants, work persons, and/or employees;

f.   Failing to provide a safe environment for defendants' patrons and business invitees;

g.   Failing to perform proper background searches on agents, ostensible agents, servants, work persons, and/or employees;

h.   Failing to establish continuing performance standards for said agents, ostensible agents, servants, work persons, and/or employees;

i.   Permitting individuals with known violent propensities to serve as security personnel;

j.   Failing to adopt appropriate procedures and protocols for the use of force;

k.   Failing to employ appropriate procedures and protocols for use of force;

l.   Failure to exercise reasonable care under the circumstances.

59.   Accordingly, defendants Robert S. Laflar, Oasis, Anthony R. Alberto, Jacqueline Laflar and/or Robert Laflar Investments, LLC are vicariously liable for the actions of Defendants Robert S. Laflar, Pettit, Davis, Gramenzi, Carpenter and Padua.

60.   As a result of defendants' conduct as aforesaid, plaintiff sustained the above mentioned injuries and damages.

WHEREFORE, plaintiff, George Foreacre, demands judgment against defendants, jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00), together with interest, costs, punitive damages, and such other just and equitable relief as this Honorable Court deems proper.

Case ID: 110502995

## COUNT IV – NEGLIGENCE
### PLAINTIFF V. OASIS ON ESSINGTON, LTD. d/b/a OASIS GENTLEMAN'S CLUB, JACQUELINE LAFLAR, ANTHONY R. ALBERTO, ROBERT LAFLAR INVESTMENTS, LLC and ROBERT LAFLAR

61.     Plaintiff incorporates paragraphs 1 through 60 of this Complaint as though the same were fully set forth at length herein.

62.     Defendants Robert S. Laflar, Oasis, Anthony R. Alberto, Jacqueline Laflar and/or Robert Laflar Investments, LLC are directly negligent, and their negligence was a substantial factor in bringing about the injuries of Plaintiff Foreacre.

63.     Defendants Robert S. Laflar, Oasis, Anthony R. Alberto, Jacqueline Laflar and/or Robert Laflar Investments, LLC, as principals, are vicariously liable for the acts of their agents, ostensible agents, servants, work persons, operators and employees, including defendants Robert S. Laflar, Pettit, Davis, Gramenzi, Carpenter and Padua in this case.

64.     The negligence of defendants Robert S. Laflar, Oasis, Anthony R. Alberto, Jacqueline Laflar and/or Robert Laflar Investments, LLC is as follows:

    a.    Using excessive and unwarranted force against plaintiff Foreacre;

    b.    Failing to consider alternative means and methods to accomplish their goals;

    c.    Failing to follow existing policies and procedures, protocols and guidelines;

    d.    Failing to adequately supervise his/her/their agents, ostensible agents, servants, work persons, and/or employees;

    e.    Failure to properly train and/or instruct said agents, ostensible agents, servants, work persons, and/or employees;

    f.    Failing to provide a safe environment for Defendants' patrons and business invitees;

    g.    Failing to perform proper background searches on agents, ostensible agents, servants, work persons, and/or employees;

Case ID: 110502995

h.  Failing to establish continuing performance standards for said agents, ostensible agents, servants/work persons, and/or employees;

i.  Permitting individuals with known violent propensities to serve as security personnel;

j.  Failing to adopt appropriate procedures and protocols for the use of force;

k.  Failing to employ appropriate procedures and protocols for use of force;

l.  Failure to exercise reasonable care under the circumstances;

65.  As a result of defendants' conduct as aforesaid, plaintiff sustained the above mentioned injuries and damages.

WHEREFORE, plaintiff, George Foreacre, demands judgment against defendants, jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00), together with interest, costs, punitive damages, and such other just and equitable relief as this Honorable Court deems proper.

## COUNT V

### PLAINTIFF, ANGELA FOREACRE V. DEFENDANTS

66.  Plaintiffs incorporate by reference paragraphs 1 through 65 as if set forth at length herein.

67.  As a result of the injuries sustained by husband-plaintiff, George Foreacre, as aforesaid, wife-plaintiff, Angela Foreacre, has been deprived of the society, companionship and consortium of her husband herein named, and she will be deprived of same for an indefinite time in the future, to her great detriment and loss.

WHEREFORE, wife-plaintiff, Angela Foreacre, demands judgment against defendants, jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00), together

Case ID: 110502995

with interest, costs, punitive damages, and such other just and equitable relief as this Honorable

Court deems proper.

WAPNER, NEWMAN, WIGRIZER,
BRECHER & MILLER, P.C.

BY:
STEVEN G. WIGRIZER
SAMUEL A. ANYAN, JR.
115 South 21st Street
Philadelphia, PA 19103
215-569-0900 - office
215-569-4621 - fax
Attorneys for Plaintiff

Case ID: 110502995

## VERIFICATION

The undersigned, having read the attached which was prepared by my attorneys, hereby verifies that the information contained therein may include information furnished to my attorneys by individuals other than myself; that the language used therein is that of my attorneys, and that to the extent the information set forth therein is not known to me, I have relied upon my attorneys in taking this Verification. Subject to the above limitations, the information contained therein is true and correct to the best of my information, knowledge and belief, subject to the penalties imposed by 18 Pa. C.S. 4904.

GEORGE FOREACRE

Case ID: 110502995